# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**TIMOTHY YOUNG**                                                               **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:12-CV-6-KS-MTP**

**HOWARD INDUSTRIES**                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a Title VII retaliation case. Defendant filed a motion to dismiss [8]. For the reasons stated below, the Court **denies** the motion and orders Plaintiff to properly serve process on Defendant's appointed agent for receipt of service of process within thirty days of the entry of this order.

### A.  *Title VII's 180-Day Limitation*

First, Defendant argues that dismissal is appropriate because Plaintiff failed to file his charge of discrimination with the EEOC within 180 days of the alleged discriminatory conduct. Before a plaintiff may file suit under Title VII, he must "file a charge of discrimination with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred." *Floyd v. Amite County Sch. Dist.*, 581 F.3d 244, 248 (5th Cir. 2009) (punctuation omitted); *see also* 42 U.S.C. § 2000e-5(e)(1). "The period begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred." *Vadie v. Miss. State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000).

Plaintiff alleged that Defendant retaliated against him for a prior EEOC

complaint by forcing him to work overtime and denying him a pay raise. According to Plaintiff's charge of discrimination, the earliest discriminatory action occurred on March 11, 2010, and the latest action occurred on April 25, 2011. Plaintiff filed his charge on May 18, 2011 – less than one month after the latest alleged discriminatory action.

Therefore, Plaintiff clearly alleged discriminatory action within the one hundred eighty days prior to filing his charge. Some of the specific discriminatory actions of which Plaintiff complains may have occurred outside the 180-day limitation period, but that dispute should be resolved after discovery. Accordingly, the Court denies Defendant's motion to dismiss with respect to this issue.

### B.  *Title VII's 90-Day Limitation*

Next, Defendant argues that this case should be dismissed because Plaintiff failed to file his complaint within ninety days of his receipt of an EEOC notice of right to sue. "A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *see also* 42 U.S.C. § 2000e-5(f)(1). "This requirement . . . is strictly construed," and although it "is not a jurisdictional prerequisite, it is a precondition to filing suit in district court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The ninety-day period "begins to run on the date that the EEOC right-to-sue letter is *received*" by the claimant. *Id.* (emphasis original).

Plaintiff did not allege or provide evidence regarding the actual date on which he received the EEOC notice. When the actual date of receipt is unknown, a

2

presumption of receipt is appropriate. *Id.* at 379-80. The Fifth Circuit has declined to select a fixed number of days for the presumption, but it has "expressed satisfaction with a range between three and seven days." *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007); *see also Stokes v. Dolgencorp*, 367 F. App'x 545, 547-48 (5th Cir. 2010); *Washington v. City of Gulfport*, 351 F. App'x 916, 918 (5th Cir. 2009).

It is undisputed that the EEOC mailed the notice on October 14, 2011. The Court presumes that Plaintiff received it by October 21, 2011, at the latest. Therefore, Plaintiff was required to file his complaint by January 19, 2012, and he did so on on January 17, 2012 – within the ninety-day time period. Accordingly, the Court denies Defendant's motion to dismiss with respect to this issue.

## C.     *Service of Process*

It is undisputed that Plaintiff served process on Defendant's counsel – Richard Lewis Yoder, Jr. – rather than on Defendant's appointed agent – Richard Lewis Yoder. It is also undisputed that Plaintiff served Defendant's counsel on June 28, 2012 – over 120 days after the filing of the complaint. Accordingly, Defendant argues that the Court should dismiss this case. *See* FED. R. CIV. P. 4(h), (m); MISS. R. CIV. P. 4(d)(4).

The Court has "discretionary power to extend the time for service. A discretionary extension may be warranted, for example, if the applicable statute of limitations would bar the refiled action . . . ." *Millan v. USAA GIC*, 546 F.3d 321, 325 (5th Cir. 2008). As noted above, Title VII requires that plaintiffs file their suit within ninety days of the receipt of their right-to-sue letter. *Taylor*, 296 F.3d at 379. This Court has previously held that a party's failure to properly effect service of process was

3

not grounds for equitable tolling of the ninety-day limitation period. *Williams v. Cox*, 2007 U.S. Dist. LEXIS 46770, at *5 (S.D. Miss. June 27, 2007). Therefore, a dismissal without prejudice for failure to properly serve Defendant with process would have the effect of a dismissal with prejudice, as Plaintiff's ninety-day period for filing suit under Title VII expired on January 19, 2012, at the latest.

"[D]ismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Millan*, 546 F.3d at 326 (punctuation omitted). Such dismissals are "warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (punctuation omitted). Dismissals with prejudice are typically accompanied by at least one of the following factors: "(1) the delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (punctuation omitted).

In the present case, the delay at issue was unquestionably caused by Plaintiff, who represents himself in this matter. However, Defendant has not been prejudiced by the delay in proper service of process. Indeed, it appears that Plaintiff's service of Defendant's counsel (Richard Lewis Yoder, Jr.) rather than Defendant's appointed agent (Richard Lewis Yoder) may be a case of mistaken identity. Plaintiff has not provided an explanation for the delay in serving process, but the record does not indicate any willful disregard of the Court's procedural rules or contumacious conduct. Accordingly, the Court believes that dismissal would be too harsh a sanction, and that an extension of time to properly serve Defendant with process is appropriate.

4

*D.     Conclusion*

The Court **denies** Defendant's Motion to Dismiss [8]. However, the Court orders Plaintiff to properly serve process upon Defendant's appointed agent for receipt of service of process – not Defendant's counsel – within thirty days of the entry of this order. If Plaintiff fails to properly serve Defendant with process within the allotted time, the Court will interpret the failure as intentional delay or contumacious conduct.

SO ORDERED AND ADJUDGED this 23rd day of August, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE