IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TIMOTHY YOUNG**                                                                                       **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 2:12-CV-6-KS-MTP**

**HOWARD INDUSTRIES**                                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a Title VII retaliation case. Defendant filed a Motion to Dismiss [37]. For the reasons stated below, the motion is **granted in part and denied in part**. The Court grants the motion with respect to Plaintiff's Title VII retaliation claims arising from his termination and alleged shoulder injury, but it denies the motion in all other respects.

*A.    Failure to Exhaust Administrative Remedies*

Defendant argues that the Court should dismiss Plaintiff's Title VII claims for (1) sexual harassment, (2) hostile work environment, (3) intentional infliction of emotional distress, (4) physical injury, and (5) retaliatory discharge because Plaintiff failed to exhaust his administrative remedies.

First, Plaintiff has not asserted any Title VII claim arising from sexual harassment, a hostile work environment, or the intentional infliction of emotional distress. Rather, Plaintiff alleges that Defendant subjected him to a series of adverse employment actions in retaliation for a Charge of Discrimination filed with the EEOC in 2010, in which he alleged that Defendant had subjected him to sexual harassment

and a hostile work environment. In the present case, though, Plaintiff has not asserted any Title VII claims for sexual harassment, hostile work environment, or intentional infliction of emotional distress.

But Plaintiff did allege that Defendant subjected him to conditions which caused serious physical injury and later terminated him in retaliation for filing the 2010 Charge of Discrimination. Of course, "an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not reasonably be expected to grow out of the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). The "question is whether the charge has stated sufficient facts to trigger an EEOC investigation, and to put an employer on notice of the existence and nature of the charges against him." *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272-73 (5th Cir. 2013).

As for Plaintiff's termination, he alleges that Defendant terminated him *after* he had filed the operative EEOC Charge [33-1] in May 2011. Therefore, Plaintiff could not possibly have exhausted his administrative remedies for a Title VII retaliation claim arising from termination in the May 2011 EEOC Charge, and the record does not contain any later Charge.[1]

Finally, Plaintiff alleged in his Amended Complaint that he "tore his shoulder in the course and scope of his employment" on March 18, 2011, and that the injury

---

[1] It is possible to amend an EEOC Charge, but the record does not show that Plaintiff did so. *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003).

"resulted from [his] having to work harder and faster after his EEOC mediation." Accordingly, Plaintiff alleges that Defendant "intentionally subjected [him] to conditions which caused serious physical injury" in retaliation for his previous EEOC complaint.

Plaintiff's latest EEOC Charge [33-1] – filed approximately two months after his alleged shoulder injury – contains no allegation of an injury to Plaintiff's shoulder, or of any other physical injury. Plaintiff was required to "inform the . . . EEOC of the particular facts of the case that demonstrate he has suffered an . . . injury . . . ." *Fitzgerald v. Secretary, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 208 (5th Cir. 1997). The focus is on the "pertinent facts of his complaint and injury." *Id.* Without allegations of the shoulder injury, the charge is insufficient "to trigger an EEOC investigation, and to put [Defendant] on notice of the existence and nature" of a Title VII retaliation claim arising from it. *Simmons-Myers*, 515 F. App'x at 272-73.

## B. Statute of Limitations

In the Amended Complaint [33], Plaintiff asserted a new state-law claim of intentional infliction of emotional distress. Defendant argues that this claim is barred by the applicable statute of limitations. Plaintiff contends that the IIED claim relates back to his original Complaint pursuant to Rule 15(c).[2]

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct,

---

[2] Defendant did not address the applicability of Rule 15(c) in its initial brief or reply.

transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B). In the Amended Complaint [33], Plaintiff alleged that Defendant forced him to work overtime and refused to increase his pay in retaliation for filing an EEOC complaint. He claimed that these actions, among others, constituted intentional infliction of emotional distress. Plaintiff made similar allegations in his original Complaint [1]. He claimed that Defendant retaliated against him for filing an EEOC complaint by forcing him to work overtime and denying pay raises, causing "Plaintiff to suffer damage to his emotional . . . well being." Therefore, the Court finds that the IIED claim arises from conduct set out – or which Plaintiff attempted to set out – in his original Complaint, and it relates back to the original date of filing.

Under Mississippi law, a claim for intentional infliction of emotional distress is subject to a one-year statute of limitations. *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010) (citing MISS. CODE ANN. § 15-1-35); *see also Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 277 (5th Cir. 2013). According to Plaintiff's EEOC Charge [33-1], the latest date upon which Defendant could have caused emotional distress was April 25, 2011. Plaintiff filed his initial Complaint [1] on January 17, 2012 – within the one-year statute of limitations. Accordingly, his IIED claim is not time-barred.

*C.     Conclusion*

For the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion to Dismiss [37]. The Court grants the motion with respect to Plaintiff's Title VII retaliation claims arising from his termination and alleged

shoulder injury, but it denies the motion in all other respects.

SO ORDERED AND ADJUDGED this 20th day of November, 2013.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE